**EXHIBIT A**

FILED 8/4/2020
14th CIRCUIT COURT
MUSKEGON COUNTY

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

2020-002900-CK

CCR-SAC
NOT PROPOSED

| STATE OF MICHIGAN | | |
|---|---|---|
| Muskegon / 14th | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** |

**Court address**
990 Terrace Street, Muskegon, MI 49442-

**Court telephone no.**

Plaintiff's name(s), address(es), and telephone no(s).
JUDITH WASILEWSKI

v

Defendant's name(s), address(es), and telephone no(s).
BETTEN HYUNDAI, INC.
Registered Agent: Bryan Betten
2477 Henry Street
Muskegon, MI 4944

**JUDGE HICKS**

Plaintiff's attorney, bar no., address, and telephone no.
Charissa C. Huang (P75501)
Jonathan J. Paasch (P81551)
Smith Haughey Rice & Roegge
100 Monroe Avenue, NW
Grand Rapids, MI 49503 / (616) 774-8000

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 08/04/2020 | 11/03/2020 | Nancy a. waters | 08/04/2020 11:49 AM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

NANCY A. WATERS - MUSKEGON COUNTY CLERK
PROXY SIGNED BY VOLDTR
MCR 1.109(D), MCR 2.004(B)(1), MCR 2.103, MCR 2.104, MCR 2.105

MC 01 (9/19) **SUMMONS**

Seal - 8/4/2020
VOLDTR 8/4/2020

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

———————

JUDITH WASILEWSKI,

     Plaintiff,                       CASE NO. 20-_002900_-CK

v

BETTEN HYUNDAI, INC.,
a Michigan corporation,             HON. _Timothy G. Hicks_

     Defendant.

———————————————————————————

Charissa C. Huang (P75501)
Jonathan J. Paasch (P81551)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
chuang@shrr.com
jpaasch@shrr.com

———————————————————————————

**COMPLAINT AND JURY DEMAND**

There is no pending or resolved civil action arising out of the
same transaction or occurrence as alleged in the Complaint.

NOW COMES plaintiff, Judith Wasilewski, by and through her attorneys, Smith Haughey Rice &

Roegge, and for her Complaint against defendant states as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff Judith Wasilewski (herein after "Wasilewski") is, and was at all relevant times to

this action, an individual residing in Muskegon County, Michigan.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

2.      Defendant Betten Hyundai, Inc., (hereinafter "Betten") is and was at all times relevant to this action, a Michigan corporation authorized to do business in Muskegon County, Michigan, and was regularly and systematically conducting business in Muskegon County, Michigan.

3.      The amount in controversy exceeds $25,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

4.      Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

5.      Wasilewski was hired by the Betten Automotive Group in Muskegon in August of 2016.

6.      Wasilewski subsequently transferred to Betten Hyundai of Muskegon in October of 2016 where she was employed as a Hyundai Parts & Services Advisor.

7.      As a part of the transfer, Wasilewski and Betten entered into a contract which provided Wasilewski with 3% of the gross weekly revenue from the Hyundai parts and services department (**Exhibit 1**, contract).

8.      Betten complied with the contract providing Wasilewski with the aforementioned 3% commission until mid-April of 2017 when Betten unilaterally modified the contract terms and instead paid 2% of gross weekly revenue in commission to Wasilewski.

9.      Wasilewski made it known to management and/or owners of Betten, including but not limited to, Service Director John O'Rourke, Human Resource Director Karen Vandermeer and General Manager, Joseph Grimm, that her compensation had been reduced.

10.     Employees of Betten, including but not limited to, Spencer Caraway, removed Wasilewski's name from documents and records reflecting sales records.

11.     Wasilewski again made complaints to management regarding the reduction of her commission and removal of her name from documents and records reflecting sales, including but not

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

limited to, Service Director John O'Rourke, Human Resource Director Karen Vandermeer and General Manager, Joseph Grimm, with no response.

12.     While employed for Betten, Wasilewski would regularly forgo lunch periods and continue work for her entire shift.

13.     Even though Wasilewski would regularly work through her lunch breaks, Betten independently and habitually "auto-deducted" one hour from her work days for said lunch breaks and failed to compensate her for her actual time worked.

14.     Wasilewski complained to management of Betten, including but not limited to, Service Director John O'Rourke and General Manager, Joseph Grimm however, management failed to take corrective action.

15.     Since Betten automatically deducted 1 hour of pay from Wasilewski's compensation, on or about September 2019, Wasilewski began to take a 1-hour lunch period corresponding with the reduction of hours paid.

16.     Betten management, including but not limited to General Manager, Joseph Grimm, retaliated against Wasilewski for taking the 1-hour unpaid lunch with hostile and verbally abusive comments.

17.     Wasilewski made timely complaints to management of Betten about the lack of compensation due to the reduced commission as well as the automatically deducted 1 hour of pay; specifically stating these deductions and reductions in compensation were illegal.

18.     Specifically, on November 22, 2019, Wasilewski sent a text message to General Manager Joseph Grimm complaining of failure to pay bonuses and the automatic deductions for lunch hours Wasilewski did not take.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

3

19.    As a direct result of the aforementioned complaints of inappropriate and illegal behavior on behalf of staff, management, and ownership of Betten Hyundai, on or about December 17, 2019, General Manager Joseph Grimm attempted to obtain Wasilewski's resignation with a discharge of severance in the amount of $1,500.00, a fraction of the actual damages owed.

20.    At that time, Wasilewski once again advised General Manager Joseph Grimm of the illegally automatically deducted hours and failure to pay commission and removal of her name from documents and records reflecting sales.

21.    General Manager Joseph Grim replied by falsely accusing Wasilewski of "verbally agreeing" to a "pay cut" because of her continued work after the reduced wages and bonuses.

22.    Betten terminated Wasilewski from employment on December 31, 2019 without tendering wages and commissions owed.

## COUNT I – BREACH OF CONTRACT

23.    Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

24.    On or about October 3, 2016, Wasilewski and Betten entered into a contract, a copy of which is attached as **Exhibit 1**.

25.    Pursuant to the contract, Wasilewski was appointed as the "Hyunda [sic] Parts & Service Advisor" for Betten.

26.    Pursuant to the contract, Betten agreed to pay Wasilewski sales commissions at the rate of 3% for any "parts & svc gross (weekly)" *Id.*

27.    There was no express agreement between the parties addressing the commissions that would be paid in the event of termination.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

28.     Wasilewski successfully and dutifully performed her tasks as agreed, and performed her obligations as required by the contract.

29.     Betten breached the contract between the parties by failing to pay Wasilewski the commissions that were owed and due as agreed.

30.     Specifically, beginning April of 2017, through Wasilewski's date of termination, Betten unilaterally reduced Wasilewski's commission by 1/3.

31.     Betten's breach has caused Wasilewski to suffer damages.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against defendant Betten Hyundai, Inc., in the amount of plaintiff Judith Wasilewski's damages, which shall be determined to constitute full, fair and just compensation of plaintiff Judith Wasilewski's economic loss, together with costs, interest and attorney's fees where permitted by court rule, statute or common law.

## COUNT II – CONVERSION (MCL 600.2919a)

32.     Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

33.     Pursuant to the October 3, 2016 contract (**Exhibit 1**), Wasilewski had and retained an identifiable interest in 3% of gross sales of parts and service as commission for her employment with Betten for her dates of employment.

34.     On or about April of 2017, Betten reduced its commission payment to Wasilewski from 3%, as agreed upon in the contract (**Exhibit 1**), to 2%, exercising dominion and converting 1% of the commission to Betten without legal cause.

35.     Betten converted one-third of Wasilewski's commissions for its own use.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

36.     Wasilewski made multiple demands for the return of the commissions, specifically via text to General Manager Joseph Grimm on November 22, 2019.

37.     Betten did not reply to Wasilewski's demands and did not return the converted funds.

38.     Pursuant to MCL 600.2919a, Wasilewski is entitled to treble damages due to Betten's conversion of the commission.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, which is determined to constitute full, fair and just compensation, inclusive of treble damages pursuant to MCL 600.2919a, in favor of plaintiff, together with costs, interest and attorney's fees, as permitted by court rule, statute or common law.

## COUNT III – COMMON LAW CONVERSION

39.     Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

40.     Wasilewski had an interest and right to immediate possession of certain compensation owed to her by Betten.

41.     Wasilewski made multiple demands for the return of the compensation, specifically via text to General Manager Joseph Grimm on November 22, 2019.

42.     Betten, under these circumstances, refused to deliver the compensation owed to Wasilewski.

43.     Betten has interfered with Wasilewski's control and use of her property, namely, the due and owed compensation wrongfully withheld.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against defendant Betten Hyundai, Inc., in the amount of plaintiff Judith Wasilewski's damages, which shall be determined to constitute full, fair and just compensation of plaintiff Judith Wasilewski's

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

economic loss, together with costs, interest and attorney's fees where permitted by court rule, statute or common law.

## COUNT IV – UNJUST ENRICHMENT

44.    Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

45.    The benefit of the services provided by Wasilewski on behalf of Betten unjustly enriched Betten where commission and/or payment for said services were wrongfully retained and Betten failed to convey said benefit to Wasilewski.

46.    Wasilewski did not intend that Betten retain the benefit without just compensation, and plaintiff has otherwise acted equitably in this matter, such that defendant must provide the appropriate compensation to plaintiff.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, which is determined to constitute full, fair and just compensation, in favor of plaintiff, together with costs, interest and attorney's fees, as permitted by court rule, statute or common law.

## COUNT V – PROMISSORY ESTOPPEL

47.    Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

48.    Betten made a clear, definite, and unequivocal promise to Wasilewski, which was specifically made to induce Wasilewski to provide services on behalf of Betten and for the Betten's benefit.

49.    In reliance on that promise, and to Wasilewski's detriment, Wasilewski performed as expected in providing services on behalf of Betten.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

50.     Wasilewski was not provided the compensation promised by Betten.

51.     Wasilewski made demand to Betten, but Betten refused to tender the compensation promised.

52.     Betten could reasonably foresee its failure to perform would cause the damages plaintiff has suffered.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, which is determined to constitute full, fair and just compensation, in favor of plaintiff, together with costs, interest and attorney's fees, as permitted by court rule, statute or common law.

## COUNT VI – VIOLATION OF THE SALES REPRESENTATIVE COMMISSION ACT (MCL 600.2961)

53.     Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

54.     Betten contracted with Wasilewski to sell products and services on behalf of Betten in Michigan (**Exhibit 1**).

55.     Wasilewski contracted with Betten for the solicitation of product sales and service and was paid, in part, by a commission.

56.     Betten has intentionally failed to pay Wasilewski all sales commissions that were due to her during her course of employment.

57.     Betten has intentionally failed to pay Wasilewski all commissions that were due to her after termination within 45 days after Betten received payment from customers for the orders for parts and/or service.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, including an additional award of two

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

times the amount of unpaid commission pursuant to MCL 600.2961, together with costs, interest and attorney's fees, as permitted by court rule, statute, or common law.

## COUNT VII – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

58.     Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

59.     At all times relevant to this action, Betten "suffered or permitted" Wasilewski to work and thus "employed" Wasilewski within the meaning of FLSA, 29 U.S.C. § 203(g).

60.     The FLSA requires Betten to pay Wasilewski wages for hours work, except when completely relieved of her duties. *See* CFR § 785.19.

61.     Betten violated the FLSA by unilaterally deducting time for meal breaks where Wasilewski was not completely relieved of her duties in violation of CFR § 785.19.

62.     Betten's violation of the FLSA was willful.

63.     The FLSA provides in 29 U.S.C. § 216(b) that a remedy for a violation of the Act, Wasilewski is entitled to her unpaid wages plus an additional amount in liquidated damages, costs and reasonable attorney's fee.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, including an award of an additional amount in liquidated damages, costs and attorney's fees, pursuant to 29 U.S.C. § 216(b), together and along with any and all relief this Court deems just.

## COUNT VIII – RETALIATION POST COMPLAINT IN VIOLATION OF FLSA (29 U.S.C. § 215(a)(3))

64.     Plaintiff incorporates as though fully set forth herein the allegations contained in the preceding paragraphs.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

9

65.   Wasilewski made several complaints to management of Betten that the automatic deduction of 1 hour from her pay was illegal.

66.   Specifically, on November 22, 2019, Wasilewski sent a text message to General Manager Joseph Grimm with a complaint of said deductions.

67.   As a direct result of the forgoing complaints to management of Betten, Wasilewski was subjected to hostile and verbally abusive comments from supervisors.

68.   As a direct result of the forgoing complaints to management of Betten, Wasilewski was terminated from employment on December 31, 2019.

69.   The hostile and verbally abusive comments were in reference to the automatic deduction of one hour of pay.

70.   Wasilewski's termination was closely related in time to the complaints Wasilewski made to Betten management and was directly related and in consequence of her complaint to management.

WHEREFORE, plaintiff Judith Wasilewski respectfully requests this Honorable Court enter a judgment against Betten Hyundai, Inc., in excess of $25,000.00, including an award of an additional amount in liquidated damages, costs and attorney's fees, pursuant to 29 U.S.C. § 215(a)(3), together and along with any and all relief this Court deems just.

Date:  July 30, 2020                    By:
                                        Charissa C. Huang (P75501)
                                        Jonathan J. Paasch (P81551)
                                        SMITH HAUGHEY RICE & ROEGGE
                                        Attorneys for Plaintiff
                                        100 Monroe Center, N.W.
                                        Grand Rapids, MI 49503
                                        616-774-8000
                                        616-774-2461 (fax)
                                        chuang@shrr.com
                                        jpaasch@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **JURY DEMAND**

NOW COMES Plaintiff, by and through her attorneys Smith Haughey Rice & Roegge and hereby make a demand for jury trial.

Date:  July 30, 2020

By: _____
Charissa C. Huang (P75501)
Jonathan J. Paasch (P81551)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
616-774-2461 (fax)
chuang@shrr.com
jpaasch@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4907171.v1

11