UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH WASILEWSKI,

    Plaintiff,

v

BETTEN HYUNDAI, INC.,
a Michigan corporation,

    Defendant.
_____/

File No: 1:20-cv-885

Hon. Janet T. Neff

## **DEFENDANT'S PRE-MOTION CONFERENCE REQUEST**

Defendant, Betten Hyundai, Inc. ("Defendant") hereby submits this Pre-Motion Conference Request pursuant to the Court's Information and Guidelines for Civil Practice §IV(A)(1). Defendant requests this pre-motion conference because it intends to file a Partial Motion for Summary Judgment under Fed. R. Civ. P. 56 as to Counts I through VI of the Complaint.

Plaintiff Judith Wasilewski ("Plaintiff") brings this action against Defendant, her former employer, alleging breach of contract, conversion, unjust enrichment, promissory estoppel, and violation of the Michigan Sales Representative Commission Act (MCL 600.2961). Each of those counts (Counts I through VI) is based on the allegation that Plaintiff was not provided all commission payments due and owing to her under an employment agreement. Plaintiff also brings claims under 29 U.S.C. §215(a)(3) and §216(b) of the Fair Labor Standards Act ("FLSA"), alleging that she was not paid wages for work conducted during certain lunch periods as well as retaliation (Counts VII and VIII). Counts I through VI must be dismissed based on the clear language of the contractual provisions contained in Defendant's employment handbook, to which Plaintiff agreed in a signed writing.

On August 1, 2016, Plaintiff executed an Employee Handbook Acknowledgment wherein she agreed that "the contractual provisions of this Handbook as set forth in the Handbook Application section are binding on me". (Acknowledgment, Ex. 1.) Within the Handbook Application, Section B expressly provides that the employee agrees "that any lawsuit or claim against the Dealership arising out of my employment or termination of employment" must be brought within 180 days or they are "forever barred." (the "Agreement," Ex. 2.) Additionally, Plaintiff agreed to waive any statute of limitation period that exceeded the 180 day time limit.

Courts have consistently held that the time period for an employee to bring an employment claim may be limited by agreement.  *See Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 571 U.S. 99, 107 (2013) ("[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."); *Logan v. MGM* 939 F.3d 824, 829 (2019) (contractually shortened limitation period is appropriate unless the claim is brought under a statute that contains its own limitations period as a substantive right.)  Further, a 180 day period of limitation has consistently been found to be reasonable. *Myers v. W.-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) ("There is nothing inherently unreasonable about a six-month limitations period."); *Timko v. Oakwood Custom Coating, Inc.,* 244 Mich. App. 234, 245 (2001).

Plaintiff alleges that on October 3, 2016, she entered into an agreement whereby Defendant agreed to pay Plaintiff 3% commission on weekly parts and services sales. (Complaint, ¶26.) Plaintiff concedes that beginning in April of 2017, Defendant orally informed Plaintiff that she would only be provided only a 2% commission moving forward. (*Id*. at 30.)  Plaintiff continued to work for Defendant under these understood terms and conditions until December 31, 2019.

2

Plaintiff did not file the Complaint in this action until July 30, 2020. Counts I through VI all rely on the same set of allegations – starting in April 2017, Plaintiff was provided 2% instead of 3% commission on sales.

Casting aside that Claimant's continued employment and acceptance of 2% commission for over two years foils her contract claims under general contract principles, the 180 day limitation period that the parties expressly agreed to under the Agreement also forecloses any relief as a matter of law. Plaintiff waited until July 30, 2020 to file a Complaint: 212 days after her last day of employment with Defendant and three years and 92 days after her alleged claims arose in April 2017. Because Plaintiff did not bring these claims within 180 days, they are forever barred. Plaintiff's common law breach of contract, unjust enrichment, conversion, and promissory estoppel claims are properly limited by the Agreement. Plaintiff's statutory conversion and Sales Representative Commissions Act claims similarly fall, as these statutes do not provide any substantive right to a specific limitations period.[1]

For these reasons, Plaintiff's claims I thorough VI should be dismissed with prejudice as a matter of law under Rule 56. Accordingly, Defendant respectfully requests that this Court order a Pre-Motion Conference in this matter.

                                              Respectfully submitted,

                                              Miller, Canfield, Paddock and Stone, P.L.C.

Date: December 29, 2020              /s/ Leigh M. Schultz
                                              Leigh M. Schultz (P71038)
                                              Ashley N. Higginson (P83992)
                                              277 S. Rose Street, Suite 5000
                                              Kalamazoo, MI  49007
                                              Office:  269-381-7030
                                              Fax:  269-382-0244
                                              Email:  schultzl@millercanfield.com
                                              higginson@millercanfield.com

---

[1] Defendant acknowledges that the Agreement is not applicable to Plaintiff's FLSA claims. (Counts VII and VIII)

## CERTIFICATION OF DEFENDANT'S EFFORTS TO OBTAIN CONCURRENCE ON DEFENDANT'S PRE-MOTION CONFERENCE REQUEST

Pursuant to W.D. Mich. LCivR 7.1(d) and this Court's Information and Guidelines for Civil Practice § IV(B), Defendant Betten Hyundai, Inc., hereby certifies that prior to filing its Pre-Motion Conference Request, Defendant made a reasonable and good faith effort to obtain concurrence from Plaintiff's counsel. Specifically, Defendant contacted Plaintiff's counsel by email on December 29, 2020 and Plaintiff's counsel did not respond to the request.

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

Date: December 29, 2020

*/s/ Leigh M. Schultz*
Leigh M. Schultz (P71038)
Ashley N. Higginson (P83992)
277 S. Rose Street, Suite 5000
Kalamazoo, MI  49007
Office:  269-381-7030
Fax:  269-382-0244
Email:  schultzl@millercanfield.com
higginson@millercanfield.com

## CERTIFICATE OF SERVICE

I certify that on December 29, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Miller, Canfield, Paddock and Stone, P.L.C.

Date: December 29, 2020

*/s/ Leigh M. Schultz*
Leigh M. Schultz

36998955.1/016321.00708

4